UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KAI MCLAUGHLIN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. |
| ) | |
| HANCOCK REGIONAL HOSPITAL ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT FOR DAMAGES**

Plaintiff, Kai McLaughlin (hereinafter "McLaughlin"), by his counsel, and for his cause of action against Defendant, Hancock Regional Hospital (hereinafter "Hancock Hospital" or "Defendant"), states as follows:

## I.   INTRODUCTION

1. McLaughlin was employed by Hancock Hospital from November 3, 2014 until he voluntarily resigned on February 21, 2019. Beginning in 2015, McLaughlin became the only maintenance personnel working on second shift. The Director of Maintenance, PJ Robbins ("Robbins") instructed McLaughlin to clock in and clock out for meal breaks. Robbins further directed McLaughlin to continue working through his meal breaks. McLaughlin also informed his direct supervisor, Tom Surface ("Surface") of his continued work during his meal breaks. Robbins and Surface both dismissed McLaughlin's concerns and disregarded the fact he continued to work (as directed) during his meal breaks. As a result, McLaughlin was not compensated for the time he worked during his 30 minute meal breaks beginning in the fall of 2015

and continuing through his resignation.[1] Moreover, as a result of this uncompensated time, McLaughlin was not properly paid all of his overtime compensation.

## II. PARTIES

2. At all relevant times, McLaughlin resided in Indianapolis, Marion County, Indiana.

3. At all relevant times, Defendant operated Hancock Regional Hospital located at 801 N. State Street, Greenfield, IN 46140, which is in Hancock County, and has over 100 employees.

## III. JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this Complaint under 28 U.S.C.A. § 1331, 29 U.S.C.A. §201 *et seq.*, and supplemental jurisdiction over Plaintiff's claims raised under Indiana law.

5. Venue is proper in this Court pursuant to 28 U.S.C.A § 1391 because the unlawful conduct alleged herein was committed in the Southern District of Indiana.

## IV. FACTUAL ALLEGATIONS

6. McLaughlin was employed by Hancock Hospital in Greenfield, Hancock County, Indiana to work as maintenance personnel.

---

[1] On fourteen occasions, McLaughlin was forced to completely skip his meal break because of an emergency maintenance issue and could not spare time to even clock out for lunch. On those occasions, Hancock Hospital adjusted McLaughlin's pay to account for the missed lunches.

7. At all relevant times, on information and belief, Hancock Hospital was and continues to be an employer engaged in interstate commerce within the meaning of the FLSA.

8. McLaughlin is a covered individual within the meaning of the FLSA.

9. On November 3, 2014, Hancock Hospital hired McLaughlin to serve as maintenance personnel.

10. McLaughlin worked for Hancock Hospital until he voluntarily resigned on February 21, 2019.

11. McLaughlin was a non-exempt laborer.

12. McLaughlin believes that, between fall 2015 through February 21, 2019, Hancock Hospital underpaid his wages, including significant overtime wages for 2.5 hours or more per work week.

13. Throughout his employment, McLaughlin routinely performed work for Hancock Hospital that exceeded forty (40) hours during each calendar week, however, for the reasons described above, Hancock Hospital failed to fully compensate him at an overtime rate of pay for his hours worked in excess of forty (40) in each of those calendar weeks.

14. As a term and condition of his employment, Hancock Hospital promised to compensate McLaughlin for his work on an hourly-paid basis.

15. McLaughlin's rate of pay at the time of his resignation was $19.90 per hour.

16. In the fall of 2015, McLaughlin began receiving a 20% night bonus.

17. McLaughlin received overtime pay at time and a half.

18. Beginning fall 2015, McLaughlin worked over forty (40) hours per week. He generally worked five (5) days a week, and his work shift consisted of eight (8) hours worked between 3:00 p.m. and 11:00 p.m. on Monday through Friday.

19. McLaughlin's job duties included responding to and routing calls from Hancock Hospital customers and handling routine maintenance jobs.

20. During this time, McLaughlin was the only maintenance person working on the second shift.

21. During this time, McLaughlin was responsible for responding to and routing calls and handling all maintenance tasks.

22. Robbins instructed McLaughlin to clock in and clock out for meal breaks.

23. Robbins further directed McLaughlin to continue working through his meal breaks.

24. McLaughlin also informed his direct supervisor, Tom Surface of his continued work during his meal break.

25. Robbins and Surface dismissed McLaughlin's concerns regarding uncompensated work during his meal breaks.

26. As a result, McLaughlin was not compensated for the time he worked during his 30 minute meal breaks between fall of 2015 and February 21, 2019.

27. Between fall 2015 and February 21, 2019, McLaughlin rarely had an uninterrupted meal break.

28. On February 21, 2019, McLaughlin voluntarily separated from Hancock Hospital.

29. As described above, Hancock Hospital underpaid overtime compensation to McLaughlin because it failed to include as time worked McLaughlin's efforts during his uncompensated meal break periods.

30. In every work week in which McLaughlin's hours worked exceeded thirty-eight (38) hours, McLaughlin lost overtime wages as a result of Hancock Hospital's failure to compensate him for his meal breaks.

31. For example, McLaughlin was compensated for forty (40) hours between November 24, 2018 and November 30, 2018. He was not, however, fully compensated based on his uncredited meal break time of approximately 2.5 hours. As such, McLaughlin lost out on 2.5 hours of overtime between November 24, 2018 and November 30, 2018.

## V.  *FAIR LABOR STANDARDS ACT CLAIMS BASED ON UNPAID HOURS OF WORK*

32. McLaughlin incorporates herein by reference paragraphs 1 – 31 above.

33. At all relevant times, Hancock Hospital was an "enterprise engaged in commerce" within the meaning of the FLSA.

34. Hancock Hospital is covered by the overtime and minimum wage provisions of the FLSA.

35. Hancock Hospital is an "employer," as that term is defined by the FLSA.

36. McLaughlin is a "person" as that term is defined by the FLSA.

37. By not paying McLaughlin at all for some of his periods of time worked and by not paying him for his full overtime hours worked at an overtime rate of pay, Hancock Hospital has violated McLaughlin's rights to be paid overtime under the Fair Labor Standards Act.

38. Hancock Hospital's failure to comply with the Fair Labor Standards Act's provisions regarding overtime compensation is willful and without justification.

39. At all relevant times, Defendant had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to McLaughlin for all hours worked in excess for forty (40) hours per work week, which violated the FLSA.

40. Hancock Hospital knowingly and willfully operated their business with a policy of not paying McLaughlin the FLSA overtime rate (of time and one-half), in direct violation of the FLSA and the supporting federal regulations.

41. At all relevant times, on information and belief, and during the course of McLaughlin's employment, Hancock Hospital failed to maintain accurate and sufficient time records.

42. As a result of Hancock Hospital's failure to properly record, report, credit, and compensate McLaughlin, the Defendant, has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the

wages, hours, and other conditions and practices of employment in violation of the FLSA.

43. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendant. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of court to amend this Complaint to set forth the precise amount due.

44. Hancock Hospital failed to properly disclose or apprise McLaughlin of his rights under the FLSA.

45. As a direct and proximate result of Hancock Hospital's willful disregard of the FLSA, McLaughlin is entitled to liquidated damages pursuant to the FLSA.

46. Due to the intentional, willful, and unlawful acts of Hancock Hospital, McLaughlin suffered damages in an amount not presently ascertainable.

47. Hancock County's failure to comply with the FLSA's provisions regarding overtime compensation and record keeping is willful and without justification, and subjects Hancock County to a three year statute of limitations.

48. McLaughlin seek all available damages, including unpaid wages, unpaid overtime compensation, liquidated damages, payment of reasonable attorney's fees, costs and expenses, and any and all other damages to which they may be entitled for Hancock County's violations of his rights under the Fair Labor Standards Act.

## VI.   CLAIMS FOR UNPAID MINIMUM WAGES AND OVERTIME COMPENSATION UNDER THE INDIANA MINIMUM WAGE LAW OF 1965 (PLEAD IN THE ALTERNATIVE)

49. McLaughlin incorporates herein by reference paragraphs 1 – 50 above.

50. McLaughlin pleads this claim under the Indiana Minimum Wage Law of 1965 in the alternative, in the event that Hancock Hospital does not meet the FLSA's definition of "enterprise." If Hancock Hospital is not an FLSA "enterprise," then Hancock Hospital is definitely an "employer" as that term is defined by the Indiana Minimum Wage Law of 1965 at Ind. Code § 22-2-2-3, with two or more employees at all times relevant to the events described in this complaint.

51. McLaughlin was a non-exempt employee.

52. Hancock Hospital violated the Indiana Minimum Wage Law of 1965's minimum wage provisions by failing to pay McLaughlin at all for a significant number of hours worked.

53. Hancock Hospital violated the Indiana Minimum Wage Law of 1965's overtime provisions by failing and refusing to pay McLaughlin at an overtime rate for hours worked in excess of forty in a calendar week.

54. Hancock Hospital's failure to comply with the Indiana Minimum Wage Law of 1965's provisions regarding minimum wages and overtime compensation was and is willful and without justification.

55. McLaughlin seeks all available damages, including unpaid wages, unpaid minimum wages, unpaid overtime compensation, liquidated damages,

payment of reasonable attorney's fees, costs and expenses, and all other damages to which he may be entitled for Hancock Hospital's violation of the Indiana Minimum Wage Law of 1965.

### VII.   INDIANA WAGE PAYMENT STATUTE

56.   McLaughlin incorporates herein by reference paragraphs 1 – 57 above.

57.   McLaughlin has a statutory wage claim arising under the Indiana Wage Payment Statute, Ind. Code 2-2-5.

58.   McLaughlin voluntarily resigned from employment with Hancock Hospital on February 21, 2019.

59.   Hancock Hospital's failure to pay McLaughlin his wages in full and on time was an act of bad faith. McLaughlin is entitled to payment of all his earned wages along with an amount equal to two (2) times the amount of those wages.

60.   By way of this Complaint, pursuant to Ind. Code 22-2-5-2, McLaughlin is seeking all available damages, including all unpaid wages, an additional amount equal to two (2) times his unpaid wages, plus any and all attorney's fees, costs, and expenses, and any other damage which he may be entitled pursuant to Indiana Law.

WHEREFORE, Plaintiff, Kai McLaughlin, respectfully request that the Court enter judgment against the Defendant, Hancock Regional Hospital, and issue to him all available relief, including, but not limited to, the following:

1. All damages available under the FLSA, including all unpaid overtime wages, all liquidated damages, and payment of all reasonable attorney's fees, costs, and expenses;

2. All damages available under the Indiana Minimum Wage Law of 1965, including all unpaid minimum wages, all unpaid overtime wages, all liquidated damages, and payment of all reasonable attorney's fees, costs, and expenses;

3. All damages available under the Indiana Wage Payment Statute, including all unpaid wages, an additional amount equal to two (2) times his unpaid wages, plus all attorney's fees, costs, and expenses;

4. Pre-judgment interest, if available; and

5. All other relief just and proper in the premises.

Respectfully submitted

*/s/ Aaron Williamson*

Aaron J. Williamson, #32803-49
WILLIAMSON CIVIL LAW, LLC
8888 Keystone Crossing
Suite 1300
Indianapolis, IN 46240
Telephone: 317.434.0370
Facsimile: 765.204.7161
aaron.williamson@wcivillaw.com